# 2003 DTA 147

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL I DE SAN JUAN, PANEL I

DEPARTAMENTO DE LA FAMILIA
Recurrente

v.

LISANDRA MARIN Y FELIX ARROYO
Recurridos

FELIX ARROYO MARRERO
Peticionario

Núm. KLCE-03-00514

■■■■■■■■■■■■■■■■

San Juan, Puerto Rico, a 15 de septiembre de 2003

■■■■■■■■

Panel integrado por su Presidente, el Juez González Rivera,
la Juez Peñagarícano Soler y el Juez Rivera Martínez

González Rivera, Juez Ponente

■■■■

■■■■■■■■

■■■■

■■■■■■■■■■■■■■■■■

## TEXTO COMPLETO DE LA RESOLUCION

El peticionario Félix Arroyo Marrero acude mediante el presente recurso de *certiorari* para solicitar la revocación de una resolución emitida el 11 de marzo de 2003 por el Tribunal de Primera Instancia, Sala de Menores. Mediante la misma, se ratifica que la remoción de la custodia de la menor D.N.A.M., de tres meses de edad, se efectuó conforme a derecho. Señala el señor Arroyo como fundamento de revocación que el foro recurrido cometió error al emitir su dictamen, expirado el término de ley para la celebración de la vista de ratificación y que hubo ausencia total de prueba para sostener su determinación. Asimismo, el peticionario solicita que ordenemos la devolución de la custodia de la menor D.N.A.M., quien es su hija. Por entender que el foro de instancia actuó dentro del marco de la ley, resolvemos que es procedente denegar la expedición del auto de *certiorari* solicitado.

### I

Los hechos a los que se contrae el recurso, nos demuestran que el 31 de diciembre de 2002, el Departamento de la Familia (en adelante DF) presentó ante el Tribunal de Primera Instancia una petición juramentada para la remoción de emergencia de la menor D.N.A.M. Surge de dicha petición que el Dr. José Luis Martínez del Hospital Municipal de San Juan emitió una certificación en la cual hacía constar que la referida menor había sido objeto de maltrato físico. El fundamento utilizado por el galeno para llegar a tal

conclusión fue que descubrió en el cuerpo de la menor, una fractura en el húmero derecho y callosidades en sus costillas. Según el DF tales hallazgos constituían motivos para creer que la menor se encontraba en una situación de maltrato o negligencia que justificaba la intervención del Estado.

Tras evaluar el testimonio del trabajador social, la hoja de referido del doctor Martínez y de escuchar los testimonios de los padres de la menor, el tribunal emitió una orden. En la misma determinó que existía causa justificada para creer que este es un caso de emergencia que requería la remoción inmediata de custodia, ya que la seguridad personal de la menor estaba en peligro. Por consiguiente, ordenó que ésta fuera puesta bajo la custodia del DF. Procedió entonces a señalar la celebración de una vista de ratificación de la remoción para el 16 de enero de 2003.

Llegado el día señalado, el peticionario no compareció a la vista. Ante esta circunstancia, el tribunal, por acuerdo entre las partes, transfirió el señalamiento para el 11 de marzo de 2003 con el fin de que el DF completara sus investigaciones y que el padre de la menor objeto de remoción obtuviera adecuada representación profesional. Asimismo, el foro de instancia ordenó que la menor fuera sometida a una evaluación médica a realizarse por la Dra. Brenda Miraba, quien prepararía los informes médicos pertinentes.

Celebrada la vista en la fecha pautada, declaró el trabajador social del DF como único testigo de esa parte. Así las cosas, el tribunal determinó que ante la situación de emergencia en que se encontraba la menor D.N.A.M., la remoción fue realizada conforme a derecho. Además, el tribunal ordenó que las partes intercambiaran evidencia y que el DF informara si la abuela materna, quien tenía la custodia provisional en aquel momento, era la persona idónea para tener la custodia permanente de la menor. El tribunal ordenó que los padres asistieran a la Escuela de Padres, se sometieran a una evaluación psicológica y que la madre fuera sometida a una evaluación en la Administración de Servicios de Salud Mental y Contra la Adicción. Decretó, además, que los padres fueran referidos al Departamento de la Vivienda para que se les proveyera vivienda adecuada.

De igual modo, el tribunal dispuso que las relaciones paterno-filiales serían realizadas en forma supervisada. Las mismas se llevarían a cabo en las oficinas del DF una vez por semana. Finalmente, el tribunal reiteró la importancia de que se realizara el examen médico a la menor para determinar si las lesiones que presentaba eran producto de maltrato.

Inconforme con la determinación del foro de instancia, el señor Arroyo acudió ante este tribunal mediante el recurso que nos ocupa. Solicita que este tribunal decrete que la remoción no se ajustó a derecho y que se ordene la devolución de la custodia de su hija. Evaluado el expediente en su totalidad, contando con el escrito en oposición a la expedición del auto presentado por el Procurador General y conforme el derecho aplicable, estamos listos para resolver.

## II

La Ley para el Amparo a Menores en el Siglo XXI, Ley Núm. 342 de 16 de diciembre de 1999, 8 L.P.R.A. § 441 *et seq*., fue creada con el propósito de proveer soluciones expeditas al maltrato del que son objeto muchos de nuestros niños por parte de sus padres, madres o personas responsables por su bienestar. Mediante esta ley se reenfoca la política pública del Estado respecto al maltrato a menores que reconoce como consideración prevaleciente el mejor bienestar del menor y que el derecho a la unidad familiar está limitado por el derecho que tienen éstos a ser protegidos del maltrato y la negligencia. Véase Exposición de Motivos de la Ley Núm. 342, *supra*. Esta ley siempre se interpretará de forma que garantice el mejor interés del menor. *Departamento de Familia v. Ramos*, **2003 J.T.S. 38**.

El Artículo 35 de la Ley Núm. 342, 8 L.P.R.A. § 443, dispone en lo pertinente:

"...

*A los efectos de que los tribunales puedan adquirir jurisdicción a tenor con las disposiciones de esta Ley, se seguirá el siguiente procedimiento: Técnico de Servicios a la Familia o Trabajador Social del Departamento comparecerá y declarará ante un Juez bajo juramento, en forma breve y sencilla, mediante un formulario preparado por la Oficina de la Administración de Tribunales al efecto, indicativo y demostrativo de que la seguridad y bienestar de determinado menor peligra si no se toma acción inmediata para su protección. Dicho técnico o trabajador social indicará claramente los hechos específicos que dan base a solicitar una remoción de emergencia...*

*El juez, luego de examinar el documento y de interrogar al técnico o trabajador social, en las situaciones en que se solicita la custodia de emergencia u otra medida para la protección del menor, o al médico, persona o funcionario del hospital informante, cuando se solicite una orden para tratamiento médico, podrá requerir la presencia de testigos si lo estimare necesario; requerirá la comparecencia del padre, madre, persona responsable por el bienestar del menor o de la persona contra quien radique la querella...*

*El tribunal privará de la custodia de manera provisional en caso de emergencia al padre, madre o a la persona responsable por el bienestar del menor cuando determine que éste es o está en riesgo de ser víctima de maltrato, maltrato institucional, maltrato por negligencia y/o maltrato por negligencia institucional, según dicha circunstancia o situación se define en esta Ley."*

El procedimiento especial de emergencia establecido en el Artículo 35 de la Ley Núm. 342, *supra; ante,* fue concebido por el legislador en miras a obtener un remedio expedito, para circunstancias que, por su naturaleza apremiante, no permiten aguardar por el procedimiento ordinario de privación de custodia, y que ameritan una intervención inminente del Estado para asegurar la protección del menor. Para atender tales situaciones especiales de emergencia, se estableció un procedimiento rápido y sencillo, en *ocasiones Ex Parte,* que podrá ventilarse ante cualquier Juez del Tribunal de Primera Instancia. *Departamento de Familia v. Ramos, supra.*

Por otro lado, el Artículo 38 de la Ley Núm. 342, 8 L.P.R.A. 443c, por su parte, establece los trámites posteriores ante el Tribunal de Primera Instancia, Sala Superior, Asuntos de Menores, luego de adjudicado el procedimiento de emergencia. Dicho Artículo dispone para la celebración de una vista dentro de los veinte (20) días siguientes a la determinación de custodia de emergencia o de la medida provisional que se hubiere tomado. Es en dicha vista que se ventila el caso en su fondo, se presenta la evidencia correspondiente, y se protege el derecho de las partes a un debido proceso de ley. *Departamento de Familia v. Ramos, supra.*

### III

En este caso, al considerar el derecho aplicable y los procedimientos llevados a cabo a petición del DF, resolvemos que la solicitud de custodia de emergencia fue debidamente presentada y adjudicada por el foro de instancia de acuerdo al procedimiento especial de emergencia en el Artículo 3.5 de la Ley Núm. 342, *supra.* No obstante, consideremos los señalamientos de error del peticionario. Este arguye que el tribunal erró al celebrar la vista de petición de custodia expirado el término para ello, al determinar que la remoción de la menor no se ajustó a derecho y que hubo ausencia de prueba para decretarse la remoción.

Surge de los autos que el tribunal determinó que existía çausa justificada para creer que este es un caso en que la seguridad personal de la menor estaba en peligro, por lo que ordenó la remoción inmediata de su custodia. Por consiguiente, ordenó que la menor fuera puesta bajo la custodia del DF. Procedió entonces a señalar vista de ratificación para el 16 de enero de 2003; esta orden fue notificada a los padres. Se les advirtió a éstos que de no comparecer a la misma, el tribunal ordenaría que se les anotara la rebeldía y podría incluso privarles de la custodia de su hija sin más citarles ni oírles.

Es evidente que la vista fue pautada dentro de los veinte (20) días que dispone la Ley Núm. 342, *supra*. Sin embargo, el peticionario no compareció el día de la vista. Ante esta circunstancia, **por acuerdo entre las partes,** el tribunal transfirió el señalamiento de vista para el 11 de marzo de 2003. Si bien el tribunal pudo haber celebrado la vista en ausencia del padre según había advertido, en el ejercicio de su discreción y por acuerdo entre las partes, la reseñaló para el 11 de marzo de 2003. Es indiscutible que con su incomparecencia injustificada, el peticionario provocó la suspensión de la vista. Ello constituye justa causa para la demora en la celebración de la visa. No puede ahora quejarse de una suspensión que le benefició y atacar el término dentro del cual fue reseñalada la vista. Ante tal conclusión, resolvemos que el error imputado no fue cometido.

El señor Arroyo también aduce como fundamento de revocación que erró el tribunal al determinar que la remoción de la niña no se realizó conforme a derecho, pues no se aportó prueba para apoyar la acción impugnada. Se desprende de la resolución recurrida que el foro de instancia no realizó adjudicación alguna sobre maltrato. De hecho, fue con ese propósito que dicho foro recurrido ordenó que la menor fuera evaluada médicamente para posteriormente hacer una determinación al respecto. Evaluados los autos ante nos, es claro que tribunal recurrido únicamente evaluó la suficiencia de la prueba sobre remoción de emergencia de acuerdo a lo establecido en el Artículo 35 de la Ley Núm. 342, *supra*. Queda pendiente de celebrarse y adjudicarse la vista de ratificación. En esa vista en su fondo se presentara la evidencia correspondiente y se protegerá los derechos de todas las partes en litigio. Luego de lo cual se realizará la determinación que corresponda en el mejor bienestar de la menor D.N.A.M. En consecuencia de lo anterior, resolvemos que es inmeritoria la contención del señor Arroyo sobre la insuficiencia de la prueba para establecer el maltrato.

Finaliza su recurso el apelante señalando que el tribunal incidió al no proveerle copia de la minuta de la vista del 11 de marzo de 2003, lo que le violó el derecho constitucional al debido proceso de ley. Está establecido que no todo error que afecte derechos constitucionales acarrea una revocación. Es, sin embargo, deber de la parte que así alega demostrar que el error fue de carácter perjudicial. *Pueblo v. Pellot Pérez*, 121 D. P.R. 791 (1988). No habiendo demostrado el peticionario cómo dicho error le impidió recibir una adecuada representación profesional, resolvemos que el error imputado no fue cometido. Por todo lo antes expuesto, denegamos la expedición del auto solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General